Terryn v Rubin (2025 NY Slip Op 04741)

Terryn v Rubin

2025 NY Slip Op 04741

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-10966
 (Index No. 1467/18)

[*1]Laura Terryn, appellant,
v
Edward S. Rubin, etc., respondent.

Lori Nevias, Rockville Centre, NY, for appellant.
Wagner, Doman, Leto & DiLeo, P.C., Mineola, NY (Joyce S. Lipton of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated July 6, 2023. The order granted the defendant's motion pursuant to CPLR 3216 to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3216 to dismiss the complaint is denied.
In this action to recover damages for medical malpractice, the plaintiff appeals from an order granting the defendant's motion pursuant to CPLR 3216 to dismiss the complaint.
"CPLR 3216 permits a court to dismiss a complaint for want of prosecution only after the court or the defendant has served the plaintiff with a written notice demanding that the plaintiff resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the demand, and stating that the failure to comply with the demand will serve as the basis for a motion to dismiss the action" (JPMorgan Chase Bank, N.A. v Eze, 188 AD3d 1173, 1173; see CPLR 3216[b][3]; Cadichon v Facelle, 18 NY3d 230, 235). "Since CPLR 3216 is a legislative creation and not part of a court's inherent power, the failure to serve a written notice that conforms to the provisions of CPLR 3216 is the failure of a condition precedent to dismissal of the complaint" (JPMorgan Chase Bank, N.A. v Eze, 188 AD3d at 1173 [citations omitted]).
Here, the two 90-day notices served by the defendant and an order issued by the court were all defective in that they did not state that the plaintiff's failure to comply with the demands contained therein would serve as a basis for a motion to dismiss the complaint for failure to prosecute (see Bank of N.Y. Mellon v Buxbaum, 231 AD3d 784, 784-785; South Point, Inc. v John, 230 AD3d 825, 825-826; Deutsche Bank Natl. Trust Co. v Beckford, 202 AD3d 1049, 1050-1051). Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3216 to dismiss the complaint.
In light of our determination, we need not reach the plaintiff's remaining contention.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court